# TRUESDALE MANUFACTURING COMPANY
## v.
# W. F. HOYLE.

*Contracts—Balance Due—Payment—Set-off—Evidence—Instructions —
Practice—Damages for Delay.*

1. Where no time is fixed, the law will imply that material for a given purpose is to be furnished within a reasonable time, which will vary with circumstances.

2. Where a person so agreeing to furnish, knows that the purchaser is required to complete a given contract within a certain time, he contracts with this fact in view, and takes the risk of delay arising from the pressure of other engagements and from possible failure to obtain certain articles necessary to enable him to so furnish.

3. It is proper in an action brought to recover an amount alleged to be due from a contractor, where the latter contends that he has been injured through delay in furnishing the goods in question, to allow such contractor to show that certain subcontractors have collected from him by suit damages for delays caused them in the performance of their contracts; such judgments are not conclusive as against those who were not parties to it, but they tend to show the damage as claimed by such contractor.

4. A witness should not be interrogated upon cross-examination as to a matter upon which a party in interest bases no claim, or one which calls for an argumentative reply.

5. It is proper upon calling a party to a suit as a witness to require him to state and produce letters and telegrams in his possession received from the party calling him, the same relating to the subject in controversy, without serving notice, or a subpœna *duces tecum* specifying what papers are wanted.

6. Evidence as to directions given by a contractor as to pushing a certain work may be admitted in a given case, where the same had reference to the methods adopted as to the work in hand.

7. The leading facts of a case should be presented hypothetically before asking an expert witness how much loss of time would be caused by mechanics changing from one kind of work to another.

8. Where the pleas in a given case do not deny the plaintiff's cause of action, but allege payment and set-off as a defense, the burden of proof is thrown upon the defendant and gives him the right to begin and conclude.

[Opinion filed June 12, 1891.]

Truesdale Mfg. Co. v. Hoyle.

Appeal from the Circuit Court of Logan County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Worthington, Page & Brady and Beach & Hodnett, for appellant.

Messrs. Blinn & Hoblit, for appellee.

Wall, J.  Appellant sued appellee to recover a balance of $1,114.06, alleged to be due on account for certain, "mill work" furnished under contract.  Against this balance appellee filed pleas of payment and set-off on account of certain items of sundries, freight bills and drayage, aggregating about $255, and for damages caused by delay in furnishing said mill work. The case was tried by jury resulting in a verdict in favor of appellee for $466.99, from which $200 was remitted.  Judgment was rendered for $266.99 against appellant, to reverse which this appeal is prosecuted.  It appears that about April 1, 1889, appellee took the contract to erect a public school building at Carrollton by September 15th, following, for the sum of $35,000, and that he then met Mr. Truesdale, president of appellant corporation (located at Peoria), who was seeking to furnish the mill work, being the wood work, flooring excepted, required for the building.  They had some conversation then, and a few days later they met again at Lincoln but no contract was entered into.  Afterward the following correspondence passed between the parties:

"Lincoln, Ill., April 16, 1889.

Truesdale & Co.,

*Dear Sirs:*  I promised to come over to see you about the mill work for the Carrollton school house, but I can't spare time.  Will you please send me your lowest figures without the glass?  Also with the glass all set, and the stairs put up complete, as I have bids that way, o. b. c. at Carrollton, Ill., with the frames put together?  Please let me hear soon as I want to let it.

Respectfully yours,

Wm. F. Hoyle."

"PEORIA, ILL., April 19, 1889.

W. F. HOYLE, ESQ., Lincoln, Ill.,

*Dear Sir:* We will furnish f. o. b. cars at Carrollton, Ill., the following mill work for school house, for the sum of $2,940. All outside and inside door frames. All outside and inside window frames. All doors for same. All windows for same glazed and transoms glazed. All subjams, stools and castings for windows. All casings and carpet strips for doors. All wainscot cap and blackboard band. All picture moulds and quarter rounds. All casings for four posts. All grilles, beams and brackets. All steps and partition caps in basement. All stairs and steps with posts and railings. All wood cornice for round tower. We will put up the stairs and rails and prime and oil all outside frames. All work to be according to F. S. Allen's plans and specifications. Payments to be made monthly as work is delivered.

                    Very truly yours,
                        TRUESDALE MANUFACTURING CO.,
                            F. B. TRUESDALE."
                        "LINCOLN, ILL., May 3, 1889.

"TRUESDALE & CO.

"*Dear Sir:*—You can go ahead and get out the mill work for the Carrollton school house. The brick mason will want the basement frames in about ten days. Make and ship them as soon as possible and oblige

                    "Yours truly,
                        "WM. F. HOYLE."
                    "PEORIA, ILL., May 4, 1889.

"W. F. HOYLE, ESQ., Lincoln, Ill.

"*Dear Sir:*—Your favor of the third at hand and noted. We have entered your order and will have the frames ready in time. We have written to Mr. Allen to-day to send us a copy of the plans and we will be unable to do anything without them.

                    "Very truly yours,
                    "TRUESDALE MANUFACTURING CO.
                        "F. B. Truesdale."

The building was not completed so far as to be occupied

Truesdale Mfg. Co. v. Hoyle.

until about the 25th of January, 1890.   This delay was caused, as alleged by appellee, by the failure of appellant to furnish the mill work as required, and it was claimed by appellee that he was greatly damaged by such failure of appellant and the consequent delay.   Upon the question of this damage and the responsibility of appellant therefor there was a large amount of testimony.

After carefully reading the abstract and referring frequently to the record, we are inclined to think the evidence so fully justified the verdict as it stood after the *remittitur*, that we can not properly interfere with the judgment upon the questions of fact involved.   The printed arguments of counsel go very thoroughly into this branch of the case and have received attentive consideration.   It would be impossible within reasonable limits, to advert in detail to the testimony, and we shall be content with this reference to it, and our conclusion upon it.

We shall therefore consider next the legal questions raised by counsel upon the action of the court in admitting and excluding testimony and in giving and refusing instructions.

The four letters above set out constituted the contract between these parties.   It was so averred in the first count of the declaration, copies of the letters being attached and designated as "copy of the instrument sued on."   It was not denied that the work was furnished and that the balance sued for was unpaid, except as to certain credits for freight charges and sundries furnished by appellee, about which there was no substantial controversy.

The main dispute was as to the damages for delay.   It will be noticed that no time was fixed within which the work was to be furnished except as to the basement frames which were wanted in about ten days from May 3d, and the law would imply a reasonable time.   What that was might vary with circumstances.   Appellant knew, as the evidence tends to prove, that appellee was required to complete the building by a certain time and must have known that the profitable performance of the contract depended greatly upon a regular and systematic supply of all materials to be furnished by sub-

contractors, so that no part of the work should wait upon another. Appellant must be held to have contracted with this fact in view, and it took the risk of delay arising from the pressure of other engagements, which was one excuse offered, and from possible failure to obtain articles, such for instance as glass, necessary to complete its work, the want of which was set up as another excuse for the delay complained of.

Another excuse urged was that the architect, Allen, did not furnish the plans promptly, and it is insisted that such neglect of Allen should exonerate appellant for any delay thereby occasioned. The contract did not so provide; indeed it distinctly implied the contrary. The proper construction of it placed this risk upon appellant, and this is in accordance with the verbal discussion of the matter between the parties before any of the letters referred to were written.

As to all these points we think the court ruled properly in regard to the evidence, and that as to the instructions, there is no error of which appellant may complain. It is objected that the court erred in permitting appellee to testify to the fact that he had been sued by the stone and brick sub-contractors and been compelled to pay $1,100 as damages for the delay caused them, of which, as appellee estimated, $600 was for the failure to furnish the window frames in time. We see no objection to his making the statement. The judgment was, of course, not conclusive as against those who were not parties to it, but it tended to show that the appellee had been damaged, as he claimed. The plaintiffs in that judgment were subsequently put on the stand as witnesses in this case, and testified in detail as to the particulars of their demand against appellee. Of course, the record itself was the best evidence of what the judgment was for, and the court said that either party might produce the record if desired, but that was not the objection.

It was not objected that the judgment could not be so established, but that it was not competent to show that appellee had been subjected to a judgment, because appellant could not be bound thereby. Of course, if appellant had been a

party, the judgment would have been conclusive and no other proof of appellee's damage, so far as the stone and brick was concerned, would have been necessary. The evidence offered by the appellee sufficiently showed that the judgment was not larger than was proper and that there was no collusion. There was no proof by appellant contradicting this evidence.

The judgment was competent as tending to establish the position of appellee. It was not insisted that it was conclusive; on the contrary the jury were instructed that the appellee must show that appellant had failed to furnish the mill work within a reasonable time before he could sustain his claim for a set-off. The court did not err in admitting the evidence nor in refusing to instruct the jury that it was not to be considered by them.

Had appellant thought it necessary to instruct the jury that it was not bound by the judgment it should have asked an instruction to that effect, which the court would doubtless have given.

The statement by appellee that of the judgment, $600 was for the delay in the window frames, was technically, perhaps, not proper, for it was merely his opinion as to how much of the judgment was based on that item; but we can not see that any serious harm was thereby done to appellant.

The way was open by cross-examination to demonstrate that the estimate was erroneous, and inasmuch as the whole subject of damages as to each item where there was delay was fully and thoroughly investigated, it can not be supposed the jury took this mere estimate as conclusive and omitted to consider the facts in proof upon which it was predicated. For such an error the judgment should not be reversed.

It is complained that the court refused to permit the following question to be asked of appellee on cross-examination:

"If you had carpenters there you did not need or could not do the work, it was your fault and not the fault of Truesdale & Co.?" Strictly speaking, this called for an opinion, an argumentative reply, and might have been excluded for that reason. The proper question was whether he had unnecessary

employes.   What legal result followed, if so, was not for the
witness to determine.

Another question which the court refused permission to
ask on cross-examination was whether appellee had been
required to pay any damages or suffer any decrease of price
on his contract with the school authorities.   It was not
claimed that he had been damaged in that way, and it was
unnecessary to ask this question.   Objection is taken to the
refusal to permit a certain question to be asked the witness
Flemley, on cross-examination, in regard to the claims made
by masons for damages by delay on account of stone work as
distinguished from the brick work.   We do not see just how
this refusal worked any serious harm to the appellant.   As to
all these objections it may be said that it is not apparent the
court improperly exercised its discretion in shortening the
examination of the witnesses.   While great latitude is allow-
able upon cross-examination there must be an end, and unless
it appears that some serious invasion of the appellant's rights
has occurred, the objections thus urged should be overruled.
The same observation may be made as to the objection that
Mr. Truesdale, president of appellant company, was placed
upon the stand and required to state and produce any letters
and telegrams in his possession received from appellee relat-
ing to the transactions in controversy.   It is said this was
irregular; that notice or a subpœna *duces tecum* should have
been served specifying what papers were wanted.   The only
objection made at the time was that no particular papers were
designated.

It would have been a useless waste of time to stay the trial
until counsel could make out a list of the required letters and
telegrams, and the practical way was to let the witness pro-
duce what he had, from which the appellee might read what
was desired, leaving appellant to read the residue, if necessary
or desirable.   Mr. Truesdale was compellable to testify, and
he might have been required at much expense of time and
patience to state whether he received a letter or telegram of
such and such a date, or about that date, relating to a par-
ticular matter.   The mode adopted was the better one, and if

possibly irregular under the old practice, when parties were not competent and could not be compelled to testify against their own interests, it should not be regarded as reversible error at the present time.

The appellant objects that the witness Flemley, was asked and permitted to answer what directions he had heard appellee give about pushing forward the work.

This was competent as part of the *res gestæ*, to show the methods adopted in reference to the business in hand. The objection was properly overruled by the Circuit Court, as it must be here.

It is objected that the court refused to permit appellant to prove by two persons who were expert builders, how much loss of time would be caused by carpenters changing from one kind of work to another. Obviously there could be no general rule about this. It would depend upon the circumstances of the particular case, and the hypothesis presented to these witnesses was so narrow and limited as to give no foundation for an opinion that would have been useful in this investigation. Assuming without deciding that the matter was one as to which the opinion of an expert was admissible, the leading facts of the case should have been presented hypothetically, from the standpoint of the appellant, at least, as a basis for an opinion.

Such testimony is of but little use, at best, upon a point involving so many conditions and limitations, and could have done no good in this instance, in response to questions in the form proposed. As was said by one of the witnesses in answer to a subsequent question, he could not tell what expense of delay would be caused by building up an inside wall first; it would depend upon the workmen.

The answer to the proposed questions would necessarily be so vague and depend so much upon conditions not stated, even if capable of statement or practicable consideration in their thus detailed or combined effect upon the particular matter, as to be of no value.

One who was present and noted all that occurred and what was the result, might state it as a fact. One who was not

present could hardly give an opinion without knowing all the conditions.

Another objection is that the witness Truesdale was not permitted to answer what frames were referred to in a freight receipt of May 25th. It does not appear that there was any dispute as to what frames they were, or that an answer would have thrown any useful light upon the controversy. Other objections especially urged in reference to the exclusion of testimony, pertain to questions which sought to bring out evidence showing that the appellant had used due care and diligence in endeavoring to comply with its contract. It was competent to show what was actually done, and to show the facts generally for the purpose of proving whether the contract to furnish the work within a reasonable time had been complied with. Here was an absolute understanding to do a certain thing, and it was no defense that the appellant using due care and diligence was unable to perform its contract. The contract should not have been undertaken by one who could not perform it. This point has, however, been sufficiently referred to heretofore, and need not be further discussed now.

The instructions given for appellant very fully presented every rule of law necessary to be stated, and if any error in this respect appears, it was in stating some of those rules too broadly and favorably for the appellant. We have found no error prejudicial to appellant, in those given for appellee.

The last objection urged is that the appellee was permitted to open and close to the jury.

The pleas did not deny the plaintiff's cause of action, but alleged payment and set-off as a defense. These threw the burden of proof upon defendant, and, of course, gave him the right to begin and conclude. This was done without objection on the part of appellant, so far as the record shows, and even if the case was not in a condition to justify such action, no error could be assigned unless exception had been noted at the time. We find no other points raised in the brief, and being of opinion that no material error is disclosed by the record, must affirm the judgment.

*Judgment affirmed.*